IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NICHOLAS COUGHLIN**                                                 **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO. 3:06cv288-HTW-LRA**

**FRANKLIN SQUIRES COMPANIES, LLC;**
**HILL ERICKSON, LLC, AND C. RICK KOERBER**           **DEFENDANTS**

## ORDER

Before this court are numerous motions by defendants, to wit: (1) motion by defendant Hill Erickson, LLC ("Erickson") to cancel and/or expunge lis pendens notice [docket # 6]; (2) motion to dismiss by defendants Franklin Squires Companies, LLC ("Franklin") and Erickson [docket # 8]; (3) motion to dismiss by defendant C. Rick Koerber ("Koerber") [docket # 10]; (4) motion to dismiss, or alternatively, for summary judgment [docket # 52 and identical motion filed as [docket # 53]; (5) motions for extension of time to file responses [docket # 59, 60, 66]; (6) motion to amend/correct scheduling order and to reschedule trial [docket # 69] and supplemental motion [docket # 74]; and (7) application to appeal Magistrate Judge's decision and motion to stay [docket # 36].

### I. Jurisdiction

Plaintiff Nicholas Coughlin (hereinafter "Coughlin") filed this action as Civil Action No. G-2006-694 in the Chancery Court of Hinds County, Mississippi, on April 25, 2006. Defendants timely removed that action to this court on May 26, 2006, asserting that this court has subject matter jurisdiction as granted by Title 28 U.S.C. § 1332,[1] diversity of

---

[1] Title 28 U.S.C. § 1332 provides the district courts with original jurisdiction over civil suits between parties of diverse citizenship, and where the amount in controversy exceeds $75,000, exclusive of interest and costs.

citizenship. Coughlin is a resident citizen of the State of Mississippi. Defendants Franklin and Erickson are both Utah corporations and defendant Koerber is a resident citizen of Utah; thus, at the time of removal complete diversity existed between the parties.[2] Further, the requisite amount in controversy, more than $75,000.00, exclusive of costs and interest, was also present. Accordingly, when removed, this lawsuit featured the correct elements for federal subject matter jurisdiction under § 1332.

Because this federal court's grant of subject matter jurisdiction is diversity of citizenship, this court necessarily concludes that Mississippi substantive law controls the disposition of the claims here; in other words, this court must apply the substantive law of Mississippi in the same manner as would a Mississippi court. *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Dipascal v. New York Life Ins. Co.*, 749 F.2d 255, 260 (5th Cir.1985).

Plaintiff Coughlin asserts claims structured upon state law causes of breach of contract, fraud, and unjust enrichment. He seeks compensatory damages in the amount of $1,062,500.00 and punitive damages "as determined by the Court." *See* Complaint.

## II. Lis Pendens Notice

At the time Coughlin filed his complaint in this suit, he also filed a lis pendens notice with the Hinds County Chancery Clerk in Hinds County, Mississippi, relative to real property hereinafter referred as the Brantley property. The Brantley property is at

---

[2]Plaintiff added a non-diverse party, Lexington Insurance Company d/b/a/ Lexington AIG, a Mississippi insurance company, in his Amended Complaint filed October 19, 2006. For jurisdictional purposes, however, the court looks to the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); see also *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

the center of this dispute. Plaintiff claims he is due compensation for his involvement in an alleged transaction which led to Erickson's purchase of said property.

Defendant Erickson subsequently filed a motion to expunge or cancel the lis pendens notice, asserting that in the absence of a valid judgment, such notice is an improper cloud upon the title. Coughlin's amended complaint asserts a claim for a money judgment arising out of an alleged breach of contract. Since this issue is yet unresolved, say defendants, Coughlin's lis pendens filing is premature.

Generally, it is inappropriate for a party to seek by lis pendens to recover a personal or money judgment; lis pendens is intended to protect a party's actual lien against, or interest in, real property. *See* 54 C.J.S. Lis Pendens §§ 9, 11, 17.

Coughlin has no adjudication showing he has been awarded an interest in the real property at issue, nor has he any judicially-ordained empowerment to seek a lien to enforce a valid and now-existing judgment. Absent such an interest or valid judgment, Coughlin's use of lis pendens is premature and, thus, improper. *See W.H. Hopper and Assoc. v. Dunaway*, 396 So.2d 43, 44-45 (Miss. 1981) ("lis pendens may not be predicated on an action or suit merely to recover a personal or money judgment unless and until a valid judgment has been secured and made a lien against the property.").

Accordingly, this court grants defendants' motion to expunge and/or cancel plaintiff's notice of lis pendens [docket # 6]. The court's finding that plaintiff's lis pendens notice is improper should not be construed as prejudicial to any alternate claims asserted by plaintiff within his amended complaint. This matter of lis pendens is a separate issue from plaintiff's claims seeking money damages.

### III. Motions to Dismiss/Summary Judgment

Coughlin's amended complaint advances new legal theories and causes of action, some of which conflict with or call into question arguments relied upon by defendants in the earlier motions seeking dismissal. The court therefore terminates both of the earlier motions to dismiss [docket #s 8, 10]. The court next turns to defendants' motions to dismiss, or alternatively for summary judgment [docket # 52, 53], filed in response to plaintiff's amended complaint.

A motion to dismiss pursuant to Rule 12(b)(6)[3] of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. When considering a motion to dismiss a complaint for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inferences to be drawn. The moving party bears the burden of showing that "plaintiff can prove no set of facts consistent with the allegations in the complaint which would entitle it to relief." *Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). The reviewing court "must accept all well-pleaded factual allegations in the light most favorable to the non-moving party." *American Waste & Pollution Control Co. v. Browning Ferris Inc.*, 949 F.2d 1384, 1386 (5th Cir.1991). Conclusory allegations or legal conclusions however will not suffice to defeat a motion

---

[3]Rule 12(b)(6) of the Federal Rules of Civil Procedure provides:

  **(b) How Presented.** Every defense , in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim,, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

   (6) failure to state a claim upon which relief can be granted, ...

to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir.1996).

Summary judgment is appropriate when "there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law.[4]" A court's role at the summary judgment stage is not to weigh the evidence or determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### IV. Plaintiff's Claims for Breach of Contract, Fraud, Unjust Enrichment, and Detrimental Reliance

The issue before this court is whether any evidence supports plaintiff's claims for breach of contract, fraud, unjust enrichment, and detrimental reliance. This court will conducts that analysis under both standards applicable to motions to dismiss and motions for summary judgment.

The key facts relative to this dispute are found below: Coughlin alleges he was an agent of Franklin and, thus, entitled to commissions ranging between 10% and 25%

---

[4]Rule 56c of the Federal Rules of Civil Procedure provides in pertinent part that, " [the] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

for any property he located for Franklin and which Franklin would purchase. His percentage intake was to be determined by the extent of his involvement in the transaction.

Coughlin alleges that, in connection with his role as agent with Franklin, Coughlin approached Mr. Jeff Brantley ("Brantley") about purchasing Brantley's Clinton, Mississippi, home. According to Coughlin, he negotiated a deal with Brantley for the sale of the home and then notified Franklin of the negotiated price.

Franklin subsequently terminated Coughlin's employment prior to purchasing the Brantley property at a lower price through Erickson, an entity Coughlin alleges is under the control of Franklin. Aggrieved over this development which saw his termination as opposed to his entitlement to commissions, Coughlin submitted this lawsuit.

Defendants respond that Coughlin is not a licensed real estate broker under the laws of the State of Mississippi and is precluded from maintaining this action. Defendants also declare that Coughlin failed to reach a valid agreement with Brantley for the purchase of the Brantley property and never produced a writing evidencing a contract.

A.   Breach of Contract

Defendants' motion to dismiss plaintiff's breach of contract claim contends that any agreement between Coughlin and Brantley was not in writing and was, therefore, in violation of Mississippi's Statute of Frauds.

Mississippi has codified its Statute of Frauds at Miss.Code Ann. § 15-3-1(c) (Rev.1995).[5] Ample case law describes its contours: "Agreements to transfer an

---

[5] Miss.Code Ann. § 15-3-1. Certain contracts to be in writing. An action shall not be brought whereby to charge a defendant or other party: (c) upon any contract for the sale of

interest in land are clearly within the Statute of Frauds." *McIlwain v. Doby*, 238 Miss. 839, 854, 120 So.2d 553, 560 (Miss. 1960); "[T]he statute of frauds does require that all contracts involving the transfer of land must be in writing." *Allred v. Fairchild*, 785 So.2d 1064, 1069 (Miss. 2001). In the absence of a "written contract or writing of any sort," no contract may be formed between the parties. *Roffman v. Wilson*, 914 So.2d 279, 282 (Miss. App. 2005).

At the hearing before this court on defendants' motion to dismiss Coughlin's breach of contract claim, Coughlin neither affirmed nor disputed whether any agreement between Brantley and himself had to be consummated in writing. Coughlin merely argued that he had negotiated with Brantley a purchase price and then had waited for Franklin to finance the purchase, in keeping with his normal course of business with Franklin.

This court finds that the alleged agreement between Coughlin and Brantley was for the sale of real property and, thus, required by the Statute of Frauds to be in writing. This finding is one of law and not of fact and as legal matter entirely proper for the court to address. Accordingly, the court grants defendants' motion to dismiss plaintiff's breach of contract claim.

B.   Fraud

In order to bring a proper claim for fraud, Coughlin must assert the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) the speaker's intent that it should be acted upon by the hearer and in the manner reasonably contemplated; (6) the

---

lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year; . . .

hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *Eagle Management, LLC v. Parks*, 938 So.2d 899, 904 (Miss. Ct. App.2006) *Spragins v. Sunburst Bank*, 605 So.2d 777, 780 (Miss.1992) (citing *Bank of Shaw v. Posey*, 573 So.2d 1355, 1362 (Miss.1990)).

This court finds that Coughlin has presented sufficient evidence to raise triable issues of fact. This court is precluded from dismissing a claim under summary judgment where the material facts are disputed. Therefore, this court denies defendants' motions asking this court to dismiss this claim.

C.    Unjust Enrichment

Plaintiff presents a claim for unjust enrichment, asserting that defendants unfairly retained the commission fees that he earned. Defendants counter that plaintiff's action in filing a lis pendens prevented their sale of the property; that the property was destroyed by fire, causing a great financial loss to them; and, that plaintiff's actions have prevented them from receiving a profit. Defendants claim that, contrary to plaintiff's accusations, they have not been enriched at all by this purchase at issue in this case.

This claim for unjust enrichment may fall within that line of contract cases "where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain . . ." *Koval v. Koval*, 576 So.2d 134, 136 (Miss. 1991). Unjust enrichment lies in a promise, implied in law, that one will receive payment to which he is in equity and good conscience entitled, from one who has benefitted by his actions. *Cockerham v. Kerr-McGee Chemical Corp.*, 23 F.3d 101, 106-07 (5th Cir. 1994) (citing *Magnolia Federal*

*Savings & Loan Ass'n v. Randal Craft Realty Co.*, 342 So.2d 1308, 1311 (Miss. 1977)). Whether defendant benefitted from plaintiff's action(s) "is not a material fact; the issue is whether that benefit was unjust." *Id*. at 107.

The parties raise sufficient issues of material fact to render this claim inappropriate for dismissal or summary judgment. As such, defendants' motions attacking this claim are denied.

D.   Detrimental Reliance

Plaintiff asserts a claim of detrimental reliance. Such a claim falls under the doctrine of equitable estoppel, which "may be used to enforce an oral contract which would otherwise be unenforceable under the Statute of Frauds." *Powell v. Campbell*, 912 So.2d 978 (Miss. 2005) (internal citations omitted). Application of this doctrine is reserved for exceptional circumstances and must comport with public policy and with principles of fair dealing, good faith, and reasonableness. *Id*.

To prevail on this claim of detrimental reliance Coughlin must show that: 1) he believed and relied on some representation of defendants;  2) he changed his position as a result of that belief or reliance;  and 3) he suffered a detriment as a result of that reliance. *Town of Florence v. Sea Lands, Ltd.*, 759 So.2d 1221, 1229 (Miss. 2000).

Plaintiff asserts that he relied on defendants' representations as to the commission he would receive, that he expended efforts to earn the commission, and to his detriment, defendants deprived him of the compensation to which he was entitled. Defendants counter that plaintiff never fulfilled the prerequisites for compensation, and that if he had earned the commission they would have paid him.

With regard to plaintiff's claim for detrimental reliance, the court finds a sufficient

factual dispute to render the claim inappropriate for dismissal or summary judgment. Therefore, defendants' motions for dismissal or summary judgment against this claim are denied.

### V.  Motions for Extension of Time

Plaintiff's several motions for an extension of time in which to file responses to defendants' motions seeking dismissal [docket # 59, 60, 66] are moot.  Plaintiff now has filed all responses which were the subject of said motions.

### VI.  Application to Appeal Magistrate Judge and for Stay

On October 6, 2006, the United States Magistrate Judge granted the plaintiff's motion for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  The defendants requested that the Magistrate Judge stay his ruling pending an appeal to this court.  The Magistrate Judge denied this request, entered a text-only Order to reflect his ruling, and the defendants filed an appeal of his ruling to this court under Rule 72 of the Federal Rules of Civil Procedure [**Docket No. 36**]. Again the defendants sought to impose a stay on these proceedings.

Inasmuch as this court has proceeded with the case and ruled on the motions for dismissal or summary judgment, this motion to stay is moot.  With regard to the issue on appeal, whether the newly named defendant, Lexington Insurance Company d/b/a Lexington AIG, is a proper party and should be required to post a bond in the instant case because of the lis pendens filed in state court, this matter also is moot in light of this court's ruling that the lis pendens is unsupported by a judgment and premature.

### VII.  Motions to Amend/Correct Scheduling Order and to Reschedule Trial

Plaintiff moves the court to amend the scheduling order to permit discovery,

citing necessary changes in counsel, as well as the lack of timely exchanges of core disclosures by the parties [docket # 69, 74].  The court grants these motions and sets a deadline for the exchange of core disclosures by March 26, 2008.  Discovery will be extended until June 26, 2008.  Trial of this cause is set for August 25, 2008, at 9:00 o'clock a.m.  The Pretrial Conference will be held on August 12, 2008.

SO ORDERED AND ADJUDGED, this the 11th day of March, 2008.

**s/ HENRY T. WINGATE**
 **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06-cv-288WS
Order