# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**NICHOLAS COUGHLIN**                                                        **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 3:06CV288-HTW-LRA**

**FRANKLIN SQUIRES COMPANIES, LLC, ET AL**             **DEFENDANTS**

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* upon a review of the docket of this case and on Plaintiff's Motion to Set Case for Trial and Pre-Trial Conference [#87], filed April 8, 2009. No Defendant in this case is currently represented by counsel. On August 12, 2008, Judge Wingate allowed defense counsel to withdraw and directed Defendants to identify new counsel within 30 days. Defendants have not done so. On May 12, 2009, the undersigned noticed a hearing on Plaintiff's motion for a trial date, to be conducted on May 28, 2009, at 2:00 p.m. The notice was sent by certified mail to the last known address of Defendants, 85 Eastbay Boulevard, Provo, Utah 84606. The notice was returned marked "Forward Time Expired" with a forwarding address given as 224 S. Main Street, Springville, Utah 84663.

The hearing was set telephonically on May 28th at 2:00 p.m. Although Plaintiff's counsel contacted the Court at the scheduled time, no Defendant, or attorney acting on behalf of any Defendant, appeared or called at the scheduled time. The undersigned deferred ruling on the Motion to Set Case for Trial and Pre-Trial Conference until Defendants' addresses could be obtained.

By email to the undersigned's chambers on today's date, Plaintiff's counsel notified the Court of addresses for the Defendants. A warranty deed executed in Hinds County on April 15, 2009, listed the address for Hill Erickson, LLC as 223 South Main

Street, #101, Springfield, UT 84663, the address given by the post office. He also located an address for all of the Defendants at 599 East 1355 S., Springville, UT 84663-2635. This Order will be re-sent to these addresses.

This Court has the authority to dismiss an action for failure of a party to prosecute or to comply with any order of the court both under FED. R. CIV. P. 41(b) and under its inherent authority. See **McCullough v. Lynaugh**, 835 F.2d 1126 (5th Cir. 1988); **Link v. Wabash R.R. Co.**, 370 U.S. 626, 630-631 (1962). In this case, it is the Defendants who has failed to participate in the litigation. Plaintiff's counsel has informed the Court that the corporate defendant may have been dissolved. Defendants did file a counterclaim against Plaintiff, and they have failed to prosecute this counterclaim. Defendants' counterclaim shall be dismissed due to their failure to prosecute if good cause for their failure to do so is not given by the date set forth below. It is obvious to the Court that Defendants have lost interest in prosecuting the counterclaim against Plaintiff; otherwise, they would have provided the Court with information regarding new counsel and their current address if they were concerned about the outcome of this litigation.

IT IS, THEREFORE ORDERED, that on or before June 29, 2009, Defendants shall show cause as to why they failed to appear for the hearing scheduled before the undersigned on May 28, 2009, at 2:00 p.m.; why they failed provide the Court with a current address; why they have not informed the Court of their new counsel; and why they have failed to otherwise prosecute the counterclaim asserted by them against Plaintiff.

IT IS FURTHER ORDERED that this Order be sent to Defendants at their last known addresses, 224 S. Main Street, Springville, Utah 84663, and 599 E. 1355 S.,

Springville, UT 84663-2635, by certified mail, return receipt requested. DEFENDANTS ARE HEREBY WARNED THE FAILURE TO FULLY COMPLY WITH THIS ORDER WILL RESULT IN THE DISMISSAL OF THEIR COUNTERCLAIMS AGAINST PLAINTIFF WITHOUT FURTHER NOTICE.

SO ORDERED, this the 8th day of June, 2009.

                                               S/ Linda R. Anderson
                                       UNITED STATES MAGISTRATE JUDGE